UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**UNITED STATES OF AMERICA**

**-vs-**  Case No.  1:14-CR-0046-SCJ

**DAVID BEAL**

Defendant's Attorney:
Warren Carl Lietz

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Count(s) 1 of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
| --- | --- | --- |
| 18 U.S.C. §§2252(a)(2) and (b) | Distribution of Child Pornography | 1 |

The defendant is sentenced as provided in pages 2 through  5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of $100.00 which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.       XXX-XX-6729           Date of Imposition of Sentence: October 24, 2014
Defendant's Date of Birth:            1961
Defendant's Mailing Address:
Robert A. Deyton Detention Facility
11866 Hastings Bridge Road
Lovejoy, GA  30250

Signed this the 24th day of day of October, 2014.

s/Steve C. Jones
STEVE C. JONES
UNITED STATES DISTRICT JUDGE

1:14-CR-0046: DAVID BEAL

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **ONE HUNDRED TWENTY-ONE (121) MONTHS**.

The defendant is remanded to the custody of the United States Marshal.

The Court recommends that the defendant be designated to FCI Jesup for service of sentence.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

1:14-CR-0046: DAVID BEAL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **LIFE**.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on supervised release and at least two periodic drug tests thereafter as directed by the probation officer.

Pursuant to 42 U.S.C. §14135a(d)(1) and 10 U.S.C. §1565(d) which require mandatory DNA testing for federal offenders convicted of felony offenses, the defendant shall cooperate in the collection of DNA as directed by the United States Probation Officer.

The defendant shall submit to a search of his person, property (real, personal or rental), residence, office and/or vehicle, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

The defendant shall participate in the mental health aftercare program including a psychosexual evaluation and counseling if deemed necessary and comply with the conditions of the sex offender contract under the guidance and supervision of the U.S. Probation Officer. If able, the defendant shall be required to contribute to the cost of services for such treatment.

**Special Conditions for Sex Offenders**

**Registration Requirement**
The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. §16901, et seq.) as directed by defendant's probation officer, the Bureau of Prisons, or any state or federal sex offender registration agency in any state in which defendant resides, works, is a student, or was convicted of a qualifying offense.

**Sex Offender Treatment**
The defendant shall submit to a psychosexual evaluation which may include polygraph examinations, plethysmograph testing, or other physiological testing if requested by the defendant's probation officer. The defendant shall participate in a sex offender treatment program and abide by the policies and procedures of the program, as determined by the defendant's probation officer. If able, the defendant shall contribute to the cost of the services for such treatment.

**Search**
Pursuant to 18 U.S.C. §3583(d), the defendant shall submit his person, and any property, house, residence, vehicle, papers, computer or other electronic communication or data storage devices or media, and effects, to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions. The defendant shall permit

confiscation and/or disposal of any material considered contraband or any other item which may be deemed to have evidentiary value related to violations of supervision.

**Residence/Employment Restrictions**
To ensure that the defendant is in compliance with local and county ordinances and state and federal law, defendant's residence and employment must be pre-approved by defendant's probation officer

**Restricted Contact with Minors**
The defendant shall not have any contact with any person under the age of 18 without the prior written permission of the probation officer, provided, however, that this restriction is not violated by incidental contact with persons under the age of 18 at places open to the general public provided such locations are not those which generally provide services and goods to persons under the age of 18. Any approved contact shall be supervised by an adult at all times. The contact prohibited in this condition includes, but is not limited to, direct or indirect contact, whether in person, by computer, telephone, letter or through a third party. If the defendant has any contact with a person under the age of 18, the defendant shall immediately remove himself from the place where the contact was made and notify the probation officer immediately of the contact which occurred. The defendant shall not loiter within 100 feet of any park, school property, playground, arcade, amusement park, daycare center, swimming pool, community recreation field, zoo, youth center, video arcade, carnival, circus, or other places primarily used or that can reasonably be expected to be used by children under the age of 18, without obtaining written permission of the defendant's probation officer.

**Restricted Materials**
The defendant shall not possess or have under his control any pornographic, sexually oriented, or sexually stimulating material, including visual, auditory, telephonic, or electronic form of such prohibited contact. The defendant shall also not enter or contact in any way an establishment where such material or entertainment is present.

# RESTITUTION

The Court will hold open the restitution portion of this judgment for ninety (90) days, upon joint request of the United States and the Defendant.

1:14-CR-0046: DAVID BEAL

# STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.